state, and was property in this state belonging to the Mastin Bank. The assignment from the latter bank to Coates, being a voluntary conveyance, valid by the laws of Missouri, as must be assumed, operated to transfer to the assignee the debt due to the assignor from the Metropolitan National Bank, and, as such assignment was prior in time to the attachment of the plaintiff, the latter cannot hold the debt attached, as against the claim of the defendant Coates under the assignment. It does not appear that the assignment to Coates is invalid under any statute or other law of this state. Ockerman v. Cross, 54 N. Y. 29.

There is nothing in the terms of the certificate given by the Metropolitan National Bank to the sheriff which gives to the plaintiff any greater rights than he otherwise would have had. The attachment was against money due as a debt to the Mastin Bank, and the certificate merely set apart so much money to answer the plaintiff's claim, if established. Nor is it material that Coates did not receive payment of the debt from the Metropolitan National Bank before the attachment was levied. There is nothing which shows that the attachment was levied, or that the draft was even presented, before the drawee was notified of the assignment.

The demurrers are allowed, with costs to the defendants, to be taxed, with leave to the plaintiff to move, on notice, on payment of such costs, within 20 days after service of a copy of the order to be entered on this decision, to amend the bill.

## Case No. 12,064.

### Case of ROSETTA.

[Cited in Ex parte Robinson, Case No. 11,934. Nowhere reported; opinion not now accessible.]

## Case No. 12,065.

### In re ROSEY.

[6 Ben. 137.] [1]

District Court, E. D. New York. June Term, 1872.

BANKRUPTCY — SECOND MEETING OF CREDITORS — DISCRETION OF REGISTER.

If the assignee, after three months from the adjudication in bankruptcy, requests the court to call a second general meeting of creditors, it must be called, and the register has no discretion to refuse to call it.

[In the matter of Louis H. Rosey, a bankrupt.]

The register in this case certified to the court, that the assignee had applied to him in writing to call a second general meeting of creditors, under the provisions of the 27th section of the bankruptcy act [of 1867 (14 Stat. 529)], which request was accompanied by the report and account of the assignee, in compliance with an order of the register; and that he had, for reasons which he deemed sufficient, and which he certified to the court, refused to call the meeting.

BLATCHFORD, District Judge. I regard the provision of section 27 of the act as imperative, that where the assignee, at the expiration of three months from the date of the adjudication of bankruptcy in a case, requests the court so to do, a second general meeting of the creditors must be called. General order No. 19, as it now reads, does not conflict with or abrogate the provisions of section 27. It requires the assignee, at the expiration of three months from the date of the adjudication of bankruptcy, to file a report with the register, and also a statement as to the matters set forth in such rule. Then if the register shall judge it expedient, he may order that the second general meeting of creditors be called, although the assignee does not so request.

[See Case No. 12,066.]

## Case No. 12,066.

### In re ROSEY.

[6 Ben. 507; [1] 8 N. B. R. 509.]

District Court, S. D. New York. May Term, 1873.

INTERNAL REVENUE—PENALTY—PRIORITY OF DEBT TO UNITED STATES.

1. Where a statute of the United States gives a penalty, and no particular remedy is prescribed for enforcing it, an action of debt may be brought to recover it, and the debt arises when the penalty is incurred.

[Cited in Ransdell v. Patterson, 1 App. D. C. 491.]

2. R. filed a voluntary petition in bankruptcy on August 14th, 1871, and was on that day adjudged a bankrupt. On October 3d, 1871, the United States brought a suit against him to recover penalties for alleged violations by him of the internal revenue laws, in selling, in April, 1871, cigar lights in packages without tax stamps, contrary to the 165th and 169th sections of the act of June 30th, 1864 (13 Stat. 296, 302), as amended by the 8th section of the act of July 13th, 1866 (14 Stat. 144). The bankrupt appeared in the suit, but put in no defence, and on February 2d, 1872, the United States recovered a judgment against him for $5,081 68. Afterwards a proof of debt was filed on behalf of the United States, in the bankruptcy proceedings, founded on the judgment, and the United States claimed to be paid in full, by priority, under the 28th section of the bankruptcy act. The assignee applied to the register for a re-examination of the claim, and testimony was taken, and the register certified to the court the question whether the claim was a valid and provable claim, and whether it was entitled to a priority of payment: *Held*, that the bankrupt had incurred the penalties in April, 1871, when the cigar lights were sold without the stamps.

[Cited in Boynton v. Ball, 121 U. S. 466, 7 Sup. Ct. 983.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]